United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 05-41617
Summary Calendar

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**MARCO MAURICIO,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Eastern District of Texas
(4:04-CR-180-ALL)**

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Marco Mauricio, having pleaded guilty to 14 counts of wire fraud, in violation of 18 U.S.C. § 1343, challenges the reasonableness of his sentence, pursuant to *United States v. Booker*, 543 U.S. 220 (2005) (requiring, *inter alia*, "reasonableness" review of post-*Booker* sentences, to be guided by the factors stated in 18 U.S.C. § 3553(a)). After offense-level adjustments for amount of loss and acceptance of responsibility, his offense level was 12, with an advisory Guidelines range of 10-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

16 months imprisonment.  The imposed 24-month sentence was eight months above the high end of this range.

"Where, as here, a district court imposes a post-**Booker** non-Guidelines sentence—that is, one that deviates either above or below the relevant Guidelines sentence as opposed to departing with reference to an applicable Guidelines departure provision—we conduct our reasonableness review through an abuse-of-discretion lens, paying particular attention to the specific reasons given for deviating from the Guidelines." **United States v. Armendariz**, 451 F.3d 352, 358 (5th Cir. 2006).  A non-Guidelines sentence is unreasonable if it does *not* account for a factor that should have received significant weight, gives significant weight to an irrelevant or improper factor, or is the result of clear error in balancing the sentencing factors. **United States v. Smith**, 440 F.3d 704, 708 (5th Cir. 2006).

The district court based its deviation from the high end of the advisory sentencing range (deviation) on factors set forth in § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for deterrence and to promote respect for the law, the seriousness of the offense, the kind of sentences available, and the Guidelines range.  18 U.S.C. 3553(a)(1)-(4).

Mauricio has *not* shown that the district court failed to account for a factor that should have received significant weight,

that the district court gave significant weight to an irrelevant or improper factor, or that it was the result of clear error in balancing the sentencing factors.  *See* **Smith**, 440 F.3d at 708.  Accordingly, the above-the-Guidelines-range sentence was reasonable.  *See* **id.** at 707-08.

***AFFIRMED***
